**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Case No. 22-1131** |
| ) | |
| **DAVID B. RAUSCH, Director of** ) | |
| **the Tennessee Bureau of** ) | |
| **Investigation in his official capacity,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES the Plaintiff John Doe, by and through undersigned counsel, and sues the Defendant David B. Rausch, the Director of the Tennessee Bureau of Investigation, in his official capacity, and alleges as follows:

## INTRODUCTION

This is an action by the Plaintiff John Doe, a citizen and resident of the State of Tennessee, who has been retroactively required to comply with certain provisions of the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004. See, *Tenn. Code Ann. §§40-39-201 – 40-39-218 (2022)* (hereinafter referred to as "Act"), for the remainder of his life.

Doe pled guilty to a charge requiring him to register as a "sex offender" in 2008. The Act was subsequently amended in 2009, 2010, 2011, 2014 and 2015 to include provisions that were not part of the Act at the time Doe pled guilty.

The Plaintiff Doe challenges the retroactive application of those Amendments as applied to him as a violation of the United States Constitution's Ex Post Facto Clause, the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution, and the First (1st) Amendment to the United States Constitution.

## PARTIES

1. The Plaintiff John Doe ("Doe") is a citizen and resident of the State of Tennessee and a resident of the Western District. Doe is subject to the provisions of the Act, as amended, for life, including those provisions not in the Act at the time of his plea in 2008. Having suffered actual harm under the Act, which may be redressed by a favorable ruling in this Court, Doe has standing to challenge the constitutionality of the Amendments as applied to him.

2. The Defendant David B. Rausch ("Rausch") is the Director of the Tennessee Bureau of Investigation ("TBI"). Rausch may be served with process through Herbert H. Slatery, III, the Attorney General and Reporter of the State of Tennessee pursuant to *Tenn. R. Civ. P. 4.04(6)* as incorporated into the Federal Rules of Civil Procedure. Slatery may be served at the office of the Attorney General, 500 Charlotte Avenue, Nashville, Tennessee 37243.

## JURISDICTION AND VENUE

3. This civil action is brought pursuant to *42 U.S.C. §§1983* and *1988* the Fourteenth (14th) Amendment and the First (1st) Amendment to the United States Constitution. Jurisdiction is proper in this Court pursuant to *28 U.S.C. §1331* as this case arises under the Constitution, law and treaties of the United States. Jurisdiction is also proper pursuant to *28 U.S.C. §1343* as this action is being filed to redress the deprivation of rights under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of Civil Rights.

4. This Court also has jurisdiction over Doe's claims for declaratory and injunctive relief pursuant to *28 U.S.C. §§2201-2202* and *Fed. R. Civ. P. 57* and *65*.

5. Venue is proper in the United States District court for the Western District of Tennessee pursuant to *28 U.S.C. §1391(b)(2)* as a substantial part of the events or omissions giving rise to this claim occurred within the Western District of Tennessee.

## FACTUAL ALLEGATIONS

6. Doe resides within the Western District of Tennessee.

7. On June 23, 2008, Doe was indicted by a Grand Jury on a charge of Aggravated Sexual Battery under *Tenn. Code Ann. §39-13-504*, for engaging in sexual contact with a minor under thirteen (13) years of age.

8.  On November 3, 2008, Doe pled guilty to an amended charge of Attempted Aggravated Sexual Battery, a Class C Felony. Doe was sentenced to five (5) years in the Tennessee Department of Corrections as a standard thirty-percent (30%) offender.

9.  Pursuant to the Act, Doe was required to register as a Sex Offender with the State of Tennessee, pursuant to *Tenn. Code Ann. §40-39-202*.

10. His sentence also required that he remain on community supervision for life under *Tenn. Code Ann. §39-13-524*.

11. As his conviction was for Aggravated Sexual Battery under Tenn. Code Ann. §39-13-504, the statute in place at the time *Tenn. Code Ann. §40-39-207* required him to remain on the Registry for life.

12. The Act requires the TBI to maintain Tennessee's Sex Offender Registry. The TBI's responsibility includes enforcing the Act, maintaining the state's database of sex offenders, maintaining an internet-accessible public sex offender registry, registering offenders, developing registration forms, providing statutorily-required notices for registrants, collecting registration fees and coordinating with national law enforcement and national sex offender registry.

13. The Tennessee General Assembly passed the state's first sex offender registration law in 1994.

14. After numerous amendments, in 2004 the General Assembly repealed and replaced the 1994 law. Among the provisions of the 2004 Act are requirements that offenders be classified as "sexual offenders" or "violent sexual offenders" depending on the offense of conviction. Sexual offenders are defined as those convicted of sexual battery,

statutory rape, aggravated prostitution, sexual exploitation of a minor, incest, a third conviction for indecent exposure and false imprisonment of a minor who is not the offenders child. Also included were convictions for attempt, solicitation, criminal responsibility, facilitation or being an accessory after the fact as to any of the qualifying offenses.

15.   Violent sexual offenders are defined as those convicted of rape, aggravated rape, rape of a child, aggravated sexual battery, aggravated or especially aggravated sexual exploitation of a minor, aggravated or especially aggravated kidnapping of a minor other than the offender's own child, sexual battery by an authority figure, solicitation of a minor or attempt, solicitation, or conspiracy with regard to any of those offenses.

16.   Sexual offenders must report annually, verify their registration within seven (7) days of their birthdate each year; update fingerprints, palm prints and photographs. Those classified as violent sexual offenders have to report quarterly in March, June, September and December.

17.   Since its enactment in 2004, the Act was amended several times including 2005, 2006, 2007 and 2008. Those amendments were in effect at the time of Doe's conviction in November 2008.

18.   In 2009, the Act was amended once again. Specifically by 2009 Tenn. Pub. Acts, Ch. 597, Tenn. Code Ann. §40-39-211(d) was amended. At the time of Doe's judgment, §211(d)(1) provided that offenders should not knowingly be on the premises of a school or school grounds if the offender has reason to believe children under eighteen (18) were present; stand, sit idly within five hundred (500) feed of a school building or

school grounds when children under eighteen (18) are present without a reason or; be in any conveyance used to transport students to or from school or school-related activities when children under eighteen (18) are present.

19. As amended, Section 40-39-211(d) provided:

"(d)(1) No sexual offender, as defined in §40-39-202, or violent sexual offender, as defined in §40-39-202, shall knowingly:
(A) Be upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present;
(B) Stand, sit idly, whether or not the offender is in a vehicle, or remain within one thousand feet (1,000') of the property line of any building owned or operated by any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when children under eighteen (18) years of age are present, while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there; or
(C) Be in any conveyance owned, leased or contracted by a school, licensed day care center, other child care facility or recreation center to transport students to or from school, day care, child care, or a recreation center or any related activity thereof when children under eighteen (18) years of age are present in the conveyance."

20. The Act was amended twice in 2010. As part of Tenn. Pub. Act 1138, Section 40-39-209 was amended to require TBI to obtain copies of all passports and immigration documents, as well as professional licensing information that authorizes an offender to engage in an occupation or carry out a trade or business. Section 40-39-206 was amended to require the offenders complete name, aliases including but not limited to, any names that the offender may have had or currently has by reason of marriage or otherwise, including pseudonyms and ethnic or tribal names be public information; along with making public

the address of the offenders employer; and the license plate number and description of the offender's vehicles.

21. Section 40-39-312(a) was amended to include an entirely new section, providing every offender must obtain a valid driver's license or photo identification and keep such identification in his or her possession.

22. Significantly, Section 40-39-204(b) was amended by deleting the first sentence and substituting:

> "Violent sexual offenders shall report in person during the months of March, June, September and December each calendar year, to the designated law enforcement agency, on a date established by such agency, to update the offender's fingerprints, palm prints and photographs, as determined necessary by the agency, and to verify the continued accuracy of the information in the TBI registration form."

23. Tenn. Pub. Act 1145 prohibited an offender from establishing a primary or secondary residence with two (2) or more offenders.

24. In 2011, as part of Tenn. Pub. Act 1169, Section 40-39-204 was amended to place additional restrictions on international travel.

25. Tenn. Pub. Act 287, gave public libraries powers to restriction access:

> "(a) Public library directors shall have authority to reasonably restrict the access of any person listed on the sexual offender registry.
> (b) In determining the reasonableness of the restrictions, the director shall consider the following criteria:
> (1) The likelihood of children being present in the library at the times and places to be restricted;
> (2) The age of the victim of the offender; and
> (3) The chilling effect of the use of the library by other patrons if the offender is not restricted.
> (c) Nothing in this section shall prevent a total ban of the offender's access to a public library so long as the criteria in subsection (b) are considered.
> (d) The restrictions of this part shall be effective upon the mailing of notice to the address of the offender as listed on the sex offender registry. The notice shall state

> with specificity, the time and space restrictions. The director shall also state in the notice that the criteria in subsection (b) have been considered.
> (e) A registered sex offender who enters upon the premises of a public library in contravention of the restrictions five (5) days after mailing of the notice may, at the discretion of the director, be prosecuted for criminal trespass pursuant to §39-14-405."

26. The most significant amendments to the Act occurred in 2014, with three (3) separate changes. Tenn. Pub. Act 992 added the following to subdivision (a)(2) of Section §40-39-211(a).

> "(2) While mandated to comply with the requirements of this Chapter, no sexual offender, is defined in §40-39-202, or violent sexual offender, as defined in § 40-39-202, whose victim was a minor, shall knowingly establish a primary or secondary residence or any other living accommodation, knowingly obtain sexual offender treatment or attend a sexual offender treatment program or knowingly accept employment within one thousand feet (1,000') of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public."

27. Tenn. Pub. Act 751 authorized local governments to establish notification systems to notify residents, schools, and child care facilities when a registrant lives within a certain distance. Tenn. Pub. Act 770 imposed lifetime registration requirements for those whose victims were under twelve (12).

28. Finally in 2015, the Act was amended again. Tenn. Pub. Act 516 added additional reporting requirements including the offender's email address, usernames, social media accounts the offender uses or intends to use, instant messages, other internet communication platforms or devices, and the offender's username, screen name, or other method by which the offender accesses accounts or websites. The Act also prohibited an offender from being alone with a minor in a private area.

29. As a result of the various amendments to the Act, Doe had limited options for employment. He was only able to secure an inherently dangerous job cutting logs. It was on that job that he suffered a crushed leg resulting in an amputation just above the knee. Doe's disability, along with the restrictions imposed upon him by the sex offender law have made it more difficult to find and secure employment.

30. Doe has two (2) biological children (ages 13 and 8) from a prior relationship. While he maintains a good relationship with their mother, he must request permission to attend parent-teacher conferences, and other school activities due the the Act's restrictions.

31. In addition, he is prohibited from going to the public pool with his children, public parks, or public libraries at the discretion of the library director.

32. Doe is currently in a loving and stable relationship with his fiancée. However, his fiancée also has children who reside with her. He is unable to marry her due to the prohibition on living with unrelated minor children.

33. Since 2011, Doe has been arrested for failing to report and pay the annual registration fee. Under the Act he must report in March, June, September and December. In March, he's required to pay the annual registration fee. The reporting office is only open four (4) days per week. At times when he's attempted to report, the office has been closed resulting in a violation due to no fault of his own, but one prosecuted nonetheless.

34. In addition, Doe is subject to constant surveillance and supervision along with the stigma of being a sex offender, along with potential harassment that comes from the displaying of public information on the internet. He will not drop off his children at

school due to a fear that requesting permission will negatively affect his children by opening them to ridicule and harassment.

## COUNT 1 – VIOLATION OF THE EX POST FACTO CLAUSE

35. Doe incorporates by reference the allegations in Paragraphs 1-34 of this Complaint, as if fully set forth herein.

36. The retroactive application of the Amendments to the Act in 2009, 2010, 2011, 2014 and 2015 to Doe violates the Ex Post Facto Clause of the United States Constitution, Article 1, §10, cl. 1 which prohibits a state from entering into any Ex Post Facto Law. Specifically the Amendments inflict punishment in excluding Doe from being in certain areas; increasing the reporting requirements and information made public; restrictions on where he can live and work; restrictions on personal associations; annual registration requirements; and the stigma and potential harassment that comes with being on the sex offender registry. Moreover, any violation, no matter however slight, is punished as a felony. The Amendments that were not in existence at the time of his 2008 plea have a punitive effect making them an unconstitutional Ex Post Facto Law entitling Doe to relief.

## COUNT II – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

37. Doe incorporates by reference the allegations in Paragraphs 1-36 of this Complaint, as if fully set forth herein.

38. Doe alleges that the 2009, 2010, 2011, 2014 and 2015 Amendments violate the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution.

39. Doe's due process rights are violated as he is subject to enhanced penalties that did not exist at the time he entered his guilty plea in 2008. Doe now faces additional restrictions on his liberty without receiving Due Process of law.

40. Moreover, by entering into a plea and accepting his punishment which included certain restrictions, Doe waived substantial and important constitutional rights, including the right to persist in a plea of not guilty; confront and cross-examine witnesses against him; to compel witnesses to testify on his behalf; and to have a jury of his peers determine his guilt or innocence. In exchange for waiving those rights the State of Tennessee agreed to punishment that included the sex-offender restrictions in place at the time, but which have now been altered, and are therefore additional punishment not in effect in 2008.

41. The 2009, 2010, 2011, 2014 and 2015 Amendments further violate the Due Process Clause as they impose criminal liability on Doe without Doe having the benefit of knowing the actual penalties he was facing, and the restrictions on his liberty.

### COUNT III – OPPRESSIVE RESTRICTIONS UNDER THE FOURTEENTH (14th) AMENDMENT TO THE UNITED STATES CONSTITUTION

42. Doe incorporates by reference the allegations in Paragraphs 1-41 of this Complaint, as if fully set forth herein.

43. Doe has two (2) minor children from a previous relationship and his fiancée also has two (2) minor children. He also travels on a frequent basis for treatment on his leg amputation.

44. The restrictions imposed by the 2009, 2010, 2011, 2014 and 2015 Amendments are oppressive in that Doe is excluded from taking his minor children to school without requesting permission. Moreover, requesting permission puts the welfare of his children at risk and subject to ridicule and harassment. Doe is precluded from participating in their academic and athletic endeavors, and is restricted to the types of jobs he can obtain. Those additional restrictions were not in place at the time of his 2008 plea. Thus, they are oppressive restrictions on Doe's fundamental right to parent, work and travel under the Fourteenth (14th) Amendment's Due Process Clause.

## **COUNT IV – VIOLATION OF FIRST AMENDMENT RIGHT TO FREE SPEECH AND ASSOCIATION**

45. Doe incorporates by reference the allegations in Paragraphs 1-44 of this Complaint, as if fully set forth herein.

46. The First (1st) Amendment to the United States Constitution provides for the freedom of speech assembly and to petition the Government for the redress of grievances. The Supreme Court has held that logically extends to freedom of association. The additional restrictions imposed by the 2009, 2010, 2011, 2014 and 2015 Amendments infringe upon Doe's fundamental rights. Specifically he is prohibited from exercising his right to free speech as he must curtail his use of means of communication such as the internet for fear that any thing he might say or do while on-line be construed as a violation of the Act. Moreover, the restrictions on where he can live, work, and even stand or sit infringe on his fundamental First (1st) Amendment right of association. He is prohibited by the additional restrictions from being in certain places, cannot fully participate in the lives

of his children, and is prohibited from marrying his fiancée and living with her due to the presence of her minor children from a previous relationship.

WHEREFORE the Plaintiff John Doe respectfully prays:

1. This Court issue a judgment, pursuant to *28 U.S.C. §§2201-2202*, declaring that the retroactive application of the Amendments to the Act in 2009, 2010, 2011, 2014 and 2015 violates the Ex Post Facto Clause of the United States Constitution; and issue a permanent injunction against the Defendant from retroactively enforcing those amendments against Doe;

2. That this Court issue a judgment pursuant to *28 U.S.C. §§2201-2202* declaring that the 2009, 2010, 2011, 2014 and 2015 Amendments violate Doe's Due Process rights under the Fourteenth (14th) Amendment, and issue a permanent injunction restraining the Defendant from retroactively enforcing those amendments against Doe;

3. That this Court issue a judgment pursuant to *28 U.S.C. §§2201-2202* declaring that the 2009, 2010, 2011, 2014 and 2015 Amendments violate Doe's rights to Freedom of Speech and Association under the First (1st) Amendment to the United States Constitution and issue a permanent injunction restraining the Defendant from retroactively enforcing those Amendments against Doe;

4. Award Doe his fees and costs pursuant to *42 U.S.C. §1988*; and

5. Such other and further general relief as this Court deems appropriate.

Respectfully submitted this 17th day of June 2022.

        /s/ Mark E. Brown
        Mark E. Brown (BPR #021851)
        MENEFEE & BROWN, P.C.
        9724 Kingston Pike, Ste. 505
        Knoxville, Tennessee 37922
        Phone: (865) 357-9800
        Fax: (865) 357-9810
        e-mail: mbrown@menefeebrown.com

*Attorney for the Plaintiff John Doe*