IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 22-1131 |
| | ) |
| DAVID B. RAUSCH, Director of | ) |
| the Tennessee Bureau of | ) |
| Investigation in his official capacity, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

COMES the Plaintiff, by and through counsel, and submits this Memorandum of Law in Support of his Motion to Proceed Under Pseudonym and for Protective Order.

## INTRODUCTION

The State's Sex Offender Act, enacted in 2004, has been amended several times, including in 2009, 2010, 2011, 2014 and 2015. The TBI consistently takes the position that all amendments to the Act are retroactive.

The Plaintiff has filed a lawsuit against TBI Director David B. Rausch, in his official capacity to declare the amendments a violation of the Ex Post Facto clause of the United States Constitution; a violation of the Fourteenth (14th) Amendment Due Process Clause; and the First (1st) Amendment to the United States Constitution.

## **LAW AND ARGUMENT**

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint name the parties to the litigation. The Sixth (6th) Circuit has recognized that trial courts have the right to seal their records when privacy interests outweigh the public's right to know. See, *In re Knoxville News-Sentinel, Inc.*, 723 F. 2d 740, 744 (6th Cir. 1983). Likewise the Sixth (6th) Circuit case of *Doe v. Porter*, 370 F. 3d 558 (6th Cir. 2004) provides that the Plaintiff's true identity can be protected if the Court rules the Plaintiff's privacy interest outweighs the presumption of open judicial proceedings. Federal Rule of Civil Procedure 26(c) also permits a Court to enter an Order to protect a party from annoyance, embarrassment, oppression or undue burden or expense.

The Plaintiff herein is on the sex-offender registry and is part of a group of people with a certain stigma attached. The Plaintiff is challenging the Amendments as-applied to him. This suit has the potential to generate publicity, but that is not the Plaintiff's motivation in pursuing this litigation. He seeks relief from additional onerous restrictions placed on him by Amendments, so he may more freely participate in activities and the lives of his children.

Doe is the father of two (2) minor school-aged children, and has a fiancée who also has minor children. He does not want them subjected to annoyance, embarrassment, and potential harassment, and thus sets forth good cause for relief in the form of a Protective Order.

Respectfully submitted this 17th day of June 2022.

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
9724 Kingston Pike, Ste. 505
Knoxville, Tennessee 37922
Phone: (865) 357-9800
Fax: (865) 357-9810
e-mail: mbrown@menefeebrown.com

*Attorney for the Plaintiff John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2022, a true and exact copy of this document has been filed via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic filing certificate. All parties may access this pleading via ECF. This document is also being served along with the Summons and Complaint on David B. Rausch, Director of the Tennessee Bureau of Investigation c/o Herbert H. Slatery, III, the Attorney General and Reporter of the State of Tennessee, John Sevier Building, 500 Charlotte Avenue, Nashville, Tennessee 37243.

/s/ Mark E. Brown
Mark E. Brown