IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-01131-STA-jay |
| | ) |
| DAVID B. RAUSCH, Director of | ) |
| the Tennessee Bureau of | ) |
| Investigation, in his official capacity, | ) |
| | ) |
|     Defendant. | ) |

**PRELIMINARY INJUNCTION**

    This case is one of a series of recent court challenges to the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act ("SORVTA"). Like other individuals subject to the requirements of the Act, Plaintiff John Doe is a convicted sex offender. Plaintiff alleges that retroactive amendments to SORVTA violate his constitutional rights and seeks injunctive relief against Defendant David Rausch, the Director of the Tennessee Bureau of Investigation, the agency with responsibility for maintaining and enforcing Tennessee's sex offender registry. Before the Court are Plaintiff's unopposed Motion for Preliminary Injunction (ECF No. 33) and Amended Motion for Preliminary Injunction (ECF No. 39). For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is **DENIED** as moot and Plaintiff's Amended Motion for Preliminary Injunction is **GRANTED**.[1]

---

[1] Plaintiff's initial Motion for Preliminary Injunction had requested that the Court enjoin Defendant from enforcing against Plaintiff all of the SORVTA amendments listed in the Complaint, pending the outcome of the appeal in *Does #1-9*. The Court entered an order (ECF No. 37), noting that the Court had dismissed some of Plaintiff's ex post facto claims for failure to state a claim and that the scope of the proposed injunction exceeded the scope of the claims

## BACKGROUND

On January 3, 2023, the Court entered an order setting out all of the allegations of Plaintiff's Complaint and holding that the Complaint had alleged in part a plausible claim for relief for the violation of the Ex Post Facto Clause. *See* Order Granting in Part, Denying in Part Def.'s Mot. To Dismiss, Jan. 3, 2023 (ECF No. 20). Defendant subsequently filed an Answer, and the Court entered a Rule 16(b) scheduling order (ECF No. 31). A jury trial is set for June 24, 2024. In the Motion now before the Court, Plaintiff seeks a preliminary injunction prohibiting the prospective application of certain provisions of the SORVTA. According to the Motion, Defendant does not oppose the request.

For cause Plaintiff requests a preliminary injunction, pending the decision of the United States Court of Appeals for the Sixth Circuit in the matter of *Does #1–9 v. Lee*, No. 23-5248 (6th Cir. filed March 28, 2023). By way of background, the United States District Court for the Middle District of Tennessee granted the plaintiffs in *Does #1–9* judgment as a matter of law on their claims that SORVTA violated the Constitution's Ex Post Facto Clause. *Does #1–9 v. Lee*, --- F. Supp. 3d ---, 2023 WL 2335639 (M.D. Tenn. Mar. 2, 2023). The Middle District of Tennessee also granted the *Does #1–9* plaintiffs' request for injunctive relief, though Plaintiff here has not shown what the exact scope of that relief was. Nevertheless, the parties to this action agree that the ultimate decision of the Court of Appeals in *Does #1–9 v. Lee* will control the outcome on some or all of the issues presented here.

---

remaining in the case. The Court therefore directed the parties to confer about the proper scope of the injunction and report back to the Court. The parties subsequently filed a joint status report (ECF No. 38), stating that counsel had conferred and agreed that the scope of the preliminary injunctive should be limited to the claims the Court had not dismissed at the pleadings stage. Plaintiff's Amended Motion for Preliminary Injunction has addressed the proper scope of the injunction and is consistent with the Court's previous ruling. Under the circumstances, Plaintiff's original Motion for Preliminary Injunction is moot.

## STANDARD OF REVIEW

Rule 65(d) of Federal Rules of Civil Procedure requires that every order granting an injunction must "(A) state the reasons why it issued; (B) state the terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act restrained . . . ." Fed. R. Civ. P. 65(d).  A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies." *Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425–26 (6th Cir. 2014) (quoting *Bonnell v. Lorenzo,* 241 F.3d 800, 808 (6th Cir. 2001)).  In deciding a motion for a preliminary injunction, courts consider the following factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Wilson v. Gordon*, 822 F.3d 934, 952 (6th Cir. 2016) (citing *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc)).

## ANALYSIS

The Court finds that the balance of the factors weighs in favor of Plaintiff's request for preliminary relief.  First and foremost, Plaintiff has shown a strong likelihood of success on the merits.  The decision of the Middle District of Tennessee in *Does #1–9* examined claims brought by convicted sex offenders like Plaintiff who were subject to the same SORVTA requirements.  Like the plaintiffs in *Does #1–9*, Plaintiff alleges that certain SORVTA requirements violate the Ex Post Facto Clause.  In a thorough and well-reasoned opinion, the Court in *Does #1–9* concluded that the Sixth Circuit's decision in *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) controlled the outcome of that case.

The Sixth Circuit in *Snyder* held that "Michigan's SORA imposes punishment," *id*. at 705, and therefore that "the retroactive application of SORA's 2006 and 2011 amendments to Plaintiffs is unconstitutional." *Id*. at 706. In granting the plaintiffs in *Does #1–9* summary judgment on their ex post facto claims, the Middle District of Tennessee concluded that "[w]hat the plaintiffs have presented is a case that, in every meaningful way, falls squarely within the analysis of *Snyder*, with the exception that *Snyder* involved a somewhat more voluminous and detailed factual record." *Does #1–9*, 2023 WL 2335639, at *17. The Middle District of Tennessee also rejected the defendants' attempts to critique *Snyder*'s reasoning or distinguish the Michigan law challenged in *Snyder* from Tennessee's SORVTA. *Id*. at *14 ("*Snyder* involved precisely the kind of challenge these plaintiffs have raised, directed at a similar law that simply happened to be in another state.").

The conclusions reached by the Middle District of Tennessee in *Does #1–9* are consistent with the Court's ruling on Defendant's motion to dismiss the ex post facto claims in this case. In denying Defendant's Rule 12(b)(6) request, the Court concluded that the "Sixth Circuit's decision in *Snyder*, and many of its observations about Michigan's SORA, control the result in this case. Just as in the Michigan case, the balance of the relevant guideposts suggests, at least at the pleadings stage, that the 2009 and 2010 amendments to the Tennessee Act are punitive in their effect." Order Granting in Part, Denying in Part Def.'s Mot. To Dismiss 22, Jan. 3, 2023 (ECF No. 20). The Court therefore held that Plaintiff had stated a plausible claim "that the 2009 and 2010 amendments violate the Ex Post Facto Clause." *Id*. at 26. The fact that *Does #1–9* reached the same result regarding the controlling nature of *Snyder* suggests that Plaintiff is likely to be successful on the merits of his ex post facto claim. The outcome of the appeal in *Does #1–9* will also likely control the outcome of Plaintiff's claims here. The Court finds that Plaintiff has satisfied the first factor for a preliminary injunction.

"In constitutional cases, the first factor is typically dispositive." *Vitolo v. Guzman*, 999 F.3d 353, 360 (6th Cir. 2021) (citing *Roberts v. Neace*, 958 F.3d 409, 416 (6th Cir. 2020) (per curiam order)). The impairment of a constitutional right presumptively rises to the level of irreparable injury. *Id.* (citing *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). Likewise, "stopping unconstitutional conduct . . . is always in the public interest . . . ." *Id.* (citing *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)). Based on the fact that Defendant and the State of Tennessee does not oppose the entry of the preliminary injunction, the Court has no basis to find that an injunction would cause substantial harm to others. Therefore, the Court **GRANTS** Plaintiff's Amended Motion for a Preliminary Injunction.

The Tennessee Bureau of Investigation is hereby enjoined pending a final decision in this case from prospectively enforcing the following amendments to SORVTA made subsequently to Plaintiff's 2008 conviction:

1. Tenn. Pub. Act 597 (2009) which modified Tenn. Code Ann. §40-39-211(d) and extended protected locations from within 500 feet of a school building to within 1000 feet of a public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field. The amendment also changed the method by which the distance was measured. Instead of being measured from the building itself, the protected area was now measured from the property line where the protected area was located.

2. Tenn. Pub. Act 1145 (2010), which again amended Tenn. Code Ann. §40-39-211(d) to prohibit an offender from being on school property or present in safety zones without written invitation or permission of a school principal or other school administrator. (Tenn. Code Ann. §40-

39-211(d)(2)(B)(2010); and further required an offender to provide written notice to a school principal before picking up or dropping off a child. (Tenn. Code Ann. §40-39-211(d)(2)(A) (2010).

It is further **ORDERED** that as the nature of this injunction will not result in the Defendant incurring significant financial costs, the requirement of posting a bond is **WAIVED**.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:  June 9, 2023